IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

PATRICIA CRUZ,　　　　　　　　　　　　　　Case No.: _____

　　　　Plaintiff,

v.

WORLDWIDE FLIGHT
SERVICES, INC.,

　　　　Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, PATRICIA CRUZ, ("Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, hereby files this Civil Action against the Defendant, WORLDWIDE FLIGHT SERVICES, INC., ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000 excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff.

2. Plaintiff is a person within a class of individuals protected by the FCRA.

3. Plaintiff was and continues to be a resident of Miami, Florida; and was an employee of Defendant, performs duties as a Manager on Duty for the Defendant, within a company operated business facilitated, located in Miami, Florida.

4. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq., ("FCRA") because it employs fifteen (15) or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statutes.

5. Plaintiff was at all times relevant to this action, working for Defendant in [INSERT] County, Florida, within the jurisdiction of this Honorable Court.

6. Venue is proper in Miami Dade County under Section 47.011 and 47.051, Florida Statutes, because all of the actions complained of herein occurred within the jurisdiction of Miami Dade County, Florida and damages are in Miami Dade County, Florida.

7. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

8. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies. Plaintiff has received a Notice of Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

9. Plaintiff is a 64-year-old Hispanic female.

10. Plaintiff is a member of a protected class because of her gender and age.

11. On or about March 2012, Plaintiff was hired by Defendant as a Manager on Duty.

12. On or about March 2020, Plaintiff was laid off by Defendant and went under furlough.

13. On or about December 2020, Plaintiff discovered that all other employees had been asked to return to work except for her.

14. Plaintiff discovered that Defendant appointed a supervisor to her who was formerly her subordinate. This employee is a younger male, who is in his early forties.

15. When this younger male employee was promoted, he took Plaintiff's position as Manager on Duty.

16. Since the day Plaintiff was furloughed, she was only contacted by Defendant to return her airport ID badge.

17. Throughout her employment, Plaintiff was able to perform her job duties and responsibilities.

18. Plaintiff performed her job at satisfactory or above-satisfactory levels.

19. Any reason proffered by Defendant for the adverse employment actions are mere pretext for unlawful discrimination.

## COUNT I
### DISCRIMINATION BASED ON AGE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 above as if set out in full herein.

21. At all times material hereto, the Defendant failed to comply with FCRA Section 760.10 which states, "[i]t is an unlawful employment practice for an employer: to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's…age…"

22. The discrimination of Plaintiff by Defendant was on the basis of Plaintiff being sixty-five (65) years old.

23. At all relevant times, Defendant was aware that Plaintiff was above the age of forty (40) years old.

24. At the time of the discrimination suffered by Plaintiff, Plaintiff did perform and excelled at the performance of the essential functions of her position.

25. Plaintiff was qualified for her position.

26. The failure to promote Plaintiff was on the basis of her age.

27. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered economic losses as well as emotional pain and suffering.

28. Any alleged nondiscriminatory reason asserted by Defendant for the treatment of Plaintiff is mere pretext for the actual reason of failing to promote Plaintiff – Plaintiff's age.

29. Defendant's actions were malicious and recklessly indifferent to Plaintiff's rights asserted by the FCRA.

30. The foregoing actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### DISCRIMINATION BASED ON GENDER IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 above as if set out in full herein.

32. The conduct to which Plaintiff was subjected by Defendant was the direct and proximate result of Plaintiff's gender.

33. Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

34. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's gender and was a

motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

35. As a result of the discriminatory conduct and discriminatory termination to which Plaintiff was subjected, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, lost benefits, and compensatory damages.

36. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

37. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of an individual's gender, by and through her sex;

B. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, front/future wages, and other remuneration for mental pain, anguish, pain and humiliation; and

C. Award any other compensation allowed by law including punitive damages, and/or attorney's fees and/or court costs.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: March 24, 2023            Respectfully submitted,

                                                */s/ Jason Remer*
                                                Jason S. Remer, Esq.
                                                Florida Bar No.: 0165580
                                                JRemer@rgph.law
                                                **REMER, GEORGES-PIERRE,**
                                                **& HOOGERWOERD, PLLC**
                                                2745 Ponce De Leon Blvd
                                                Coral Gables, FL 33134
                                                Telephone: (305) 416-5000
                                                Facsimile: (305) 416-5005
                                                *Counsel for Plaintiff*